O

# United States District Court
# Central District of California

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOD KNIGHT INN MOTEL CORP et al.,<br><br>    Defendants. | Case No. 2:23-cv-07415-ODW (AJRx)<br><br>**ORDER DENYING EX PARTE VERIFIED APPLICATION FOR APPROVAL OF COMPROMISE [30]** |

## I.  INTRODUCTION

Pending before the Court is an unopposed Application for Approval of Compromise of a Disputed Claim ("Application").  (Ex Parte Appl. ("Appl."), ECF No. 30.)  Petitioner Rosalinda Roy, Guardian Ad Litem ("GAL") for Defendant Dipankar Roy, verified the Petition.  (*See id.* at 8.)  For the reasons stated below, Petitioners' Application is **DENIED WITHOUT PREJUDICE**.

## II.  BACKGROUND

On March 22, 2021, Reverend Ivy Johnson and Khiya Huligar ("Underlying Plaintiffs") filed a legal action in Los Angeles County Superior Court, entitled *Reverend Ivy Johnson et al. v. Rosalinda Roy et al.*, Case No. 21STCV11024 (the

"Underlying Action"). (Appl. 3.) The Underlying Action sought damages arising out of alleged habitability issues encountered during a stay at the Good Knight Inn. (*Id.*) Rosalinda Roy and her husband, Dipankar Roy, jointly own Good Knight Inn Motel Corp. (Decl. Rosalinda Roy ISO Appl. ("Roy Decl.") ¶ 2, ECF No. 30.)

On September 7, 2023, Plaintiff Associated Industries Insurance Company, Inc. ("AIIC") filed this action against Defendants Good Knight Inn Motel Corp., Rosalinda Roy, and Dipankar Roy, seeking a judicial declaration that AIIC has no duty to indemnify Defendants in the Underlying Action pursuant to certain insurance policy exclusions. (*See* Compl, ECF No. 1.)

Defendant Dipankar Roy is a 71-year-old man who suffered a brain hemorrhage stroke in June 2022; he has been legally incompetent since this incident. (Appl. 4.) On November 21, 2023, the Court granted Dipankar Roy's Petition seeking the appointment of his wife Rosalinda Roy as his GAL for the purposes of prosecuting this litigation. (Order Appointing GAL, ECF No. 24.) Rosalinda Roy also serves as Dipankar Roy's GAL in the Underlying Action. (Roy Decl. ¶ 1.)

On December 7, 2023, the parties conducted a mediation through which they reached a settlement agreement resolving the Underlying Action for a total payment of $375,000.00 in exchange for a full and complete release and dismissal of the Underlying Action. (Appl. 6.) According to the terms of the settlement, AIIC are to pay $290,000.00 to the Underlying Plaintiffs, with Defendants agreeing to fund the remaining $85,000.00. (*Id.*) On January 22, 2024, the parties filed a Notice of Settlement in the Underlying Action, contingent on (1) the Superior Court's approval of the settlement agreement in the Underlying Action, and (2) this Court's approval in the instant action. (*Id.*)

Defendants Good Knight Inn Motel Corp., Rosalinda Roy, and Dipankar Roy (collectively, "Petitioners") now seek the Court's approval of the settlement of the case, as Defendant Dipankar Roy is a legally incompetent person. (*See* Appl.) No party opposes the Application.

### III.  DISCUSSION

Local Rule 17-1.2 mandates that "[n]o claim in any action involving a[n] . . . incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." C.D. Cal. L.R. 17-1.2. This rule reflects the district courts' special duty to protect the interests of parties who lack legal competence. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1243–45 (E.D. Cal. 2016) (applying *Robidoux* to the interests of developmentally delayed adult); *Banuelos v. City of San Bernardino*, No. 5:13-cv-736-GW (DTBx), 2018 WL 6131190, at *2 n.2 (C.D. Cal. Apr. 26, 2018) (applying *Robidoux* to the interests of incompetent adult). Courts must therefore conduct an independent investigation to ensure that any compromise of an incompetent person's claims serves that person's best interests, even if a GAL has recommended or negotiated the settlement. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (citation omitted); *see also Robidoux*, 638 F.3d at 1181.

### A.  Procedural Requirements

"Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. Rule 3.1384 requires that (1) the application for compromise be verified and include form MC-350 or MC-350EX, *see* Cal. Rule Ct. 7.950; (2) the petitioners' attorney must disclose certain information regarding counsel's interest in a petition to compromise a claim, *id.* 7.951; and (3) a hearing must be held unless the court for good cause dispenses with the parties' personal appearances, *id.* 7.952.

Petitioners satisfy the first and third category of the procedural requirements described above. First, Petitioners include a completed Form MC-350 Petition for Compromise of a Pending Action, and the Application is verified by Petitioner Rosalinda Roy. (*See* Decl. Stephen L. Raucher ISO Appl. Ex. 2 ("Form MC-350"), ECF No. 30; Appl. 8.) Furthermore, the Court finds, under California Rule of

Court 7.952, that good cause exists to decide the matter without a hearing. *See* Cal. Rule Ct. 7.952 (stipulating that the Court for good cause may dispense with the hearing); *see also* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

However, Petitioners fail to satisfy California Rule of Court 7.951, which states that the petitioners' attorney must disclose "[w]hether the attorney has received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the petition or with the preparation of the petition, and, if so, *the amounts and the identity of the person who paid the fees or other compensation*." Cal. Rule Ct. 7.951(4) (emphasis added). Defendants fail to include this information in the Application. Rather, in the Form MC-350 Petition, Petitioners state that the "[t]otal amount of attorney's fees for which court approval is requested" is "$0.00," (Form MC-350 at 5), but then later state that "[t]he legal services are provided pursuant to an hourly fee agreement," (*id.* at 11). Petitioners also confirm that the "petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim" subject to "an agreement for services provided in connection with the claim giving rise to this petition," but when directed to "attach a copy of the agreement as Attachment 17a," Petitioners fail to attach the actual agreement. (*Id.* at 7.)

These contradictory and incomplete disclosures are insufficient to satisfy the procedural requirements prescribed by California Rule of Court 7.951. Furthermore, without these disclosures, the Court is unable to "fix the amount of attorney's fees," as required in "all actions involving the claim of a[n] . . . incompetent person." *See* C.D. Cal. L.R. 17-1.4. Accordingly, the Court finds on this basis that it cannot approve the Application.

B. **Fairness of the Settlement**

A court's role in approving a compromise is to "assure that whatever is done is in the [incompetent person's] best interest. *S.W. v. Frey*, No. 2:09-cv-06936-GAF (CTx), 2011 WL 13213587, at *2 (C.D. Cal. June 7, 2011) (quoting *Goldberg v. Superior Ct.*, 23 Cal. App. 4th 1378, 1382 (1994)). Here, having reviewed the

Settlement Agreement and Release, (*see* Roy Decl. Ex. A), the Court finds that the terms of the agreement are fair and reasonable. Although AIIC seeks a judicial declaration in this action that it is not contractually obligated under the terms of the insurance policy to indemnify Defendants in the Underlying Action, AIIC agreed to fund approximately 77% of the total settlement amount in order to forego the expenses involved in continuing this litigation. The Court also notes that Rosalinda Roy represents that she "understand[s] the benefits and risks associated with continuing litigating the instant Action," and she "believe[s] the settlement agreement is fair and reasonable . . . and in [her] husband's best interest." (*Id.* ¶ 6.) If litigation were to continue, there is a risk to Defendants that AIIC may not be required to provide any payment due to the policy exclusions, as alleged in AIIC's Complaint. Therefore, in light of the facts of this case, the Court finds that the proposed settlement is fair and reasonable.

### IV. CONCLUSION

For the reasons discussed above, Petitioners' Ex Parte Application for Approval of Compromise is **DENIED WITHOUT PREJUDICE**. (ECF No. 30.) Counsel for Petitioners may file another motion no later than **30 DAYS** from the date of this Order, addressing the procedural requirements as stated above.

**IT IS SO ORDERED.**

February 27, 2024

                              _____
                                    **OTIS D. WRIGHT, II
                              UNITED STATES DISTRICT JUDGE**